# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Plaintiff,

v.                                                                                   Case No. 05-C-31

MARY GOSKI and BELINDA SCHRUBBE,

    Defendants.

## DECISION AND ORDER

    The *pro se* plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 5, 2005, this court issued an order granting the plaintiff's request to proceed *in forma pauperis* and dismissing the action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. In that same order, the court certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3), unless the plaintiff offered bona fide arguments supporting his appeal. On April 6, 2005, judgment was entered dismissing this action.

    The plaintiff has now filed an appeal. Currently before the court is the plaintiff's request for leave to proceed *in forma pauperis* on appeal.

    Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707

F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also, Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in an frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition. *Howard*, 707 F.2d at 220.

As noted previously, when this court issued its April 5, 2005, order dismissing the action for failure to state a claim upon which relief may be granted, it certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), unless the plaintiff offered bona fide arguments supporting his appeal. The plaintiff has submitted a notice of appeal, an affidavit, and an "affidavit of declaration" in support of his motion for leave to proceed *in forma pauperis*.

The plaintiff, however, has not offered any bona fide arguments supporting his appeal in any of his submissions to the court. Therefore, his petition to proceed *in forma pauperis* on appeal will be denied. *See Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous. In such cases it is improper for the district judge to grant leave to proceed *in forma pauperis* on appeal").

The plaintiff-appellant is hereby notified that he "may file a motion to proceed on appeal *in forma pauperis* in the court of appeal within 30 days after service of" the instant order. Fed. R. App. P. 24(a)(5). In conclusion, and for the foregoing reasons, the plaintiff's request to proceed *in forma pauperis* on appeal will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* on appeal be and hereby is **denied** because this court certifies that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2005.

BY THE COURT:

s/ Rudolph T. Randa

RUDOLPH T. RANDA
Chief United States District Judge